UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| FREDO BAPTISTE and MARIE BELLEVUE, | **COMPLAINT** |
| Plaintiffs, | |
| -against- | Docket No. |
| | <u>Jury Trial Demanded</u> |
| COUNTY OF NASSAU, MICHAEL DUNN, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiffs FREDO BAPTISTE and MARIE BELLEVUE, by their attorneys, Brett H. Klein, ESQ., PLLC, complaining of the defendants, respectfully allege as follows:

## **Preliminary Statement**

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff FREDO BAPTISTE is a forty-four-year-old male residing in Nassau County.

7. Plaintiff MARIE BELLEVUE, the wife of plaintiff FREDO BAPTISTE, is a forty-two-year-old female residing in Nassau County.

8. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter referred to as "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

10. That at all times hereinafter mentioned, the individually named defendants, MICHAEL DUNN and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

13. At all times relevant hereto, plaintiff FREDO BAPTISTE lawfully owned and operated a cellphone business.

14. Despite the lack of any reasonable belief or probable cause to believe that plaintiff bought or sold any cellphone items with the intent to deceive or defraud, or to evade lawful restriction on the sale or resale or distribution of counterfeit items, plaintiff was maliciously prosecuted without probable cause based on false allegations purported against plaintiff by Nassau County Police Department (hereinafter "NCPD") officers including, but not limited to, defendant officer MICHAEL DUNN.

15. Plaintiff BAPTISTE's malicious prosecution arose from events that transpired beginning on or about September 13, 2018.

16. On the aforementioned date, while plaintiff BAPTISTE was on a business trip to Los Angeles, California, BAPTISTE received a call from the NCPD and was informed that there was a warrant for his arrest.

17. Plaintiff BAPTISTE was provided no information about the warrant and was merely instructed by NCPD to return to New York and turn himself in.

18. Thereafter, NCPD officers, including, without limitation, defendant DUNN, executed a search warrant at plaintiffs' BAPTISTE and BELLEVUE's residence, located at 89-74 Springfield Boulevard, Queens Village, New York. During the search, NCPD officers seized personal items, including without limitation, two vehicles, electronic devices, and approximately

$20,000.

19. The NCPD officers subsequently executed a search warrant at four storage units located at 1990 Jericho Turnpike, New Hyde Park, which were utilized by plaintiff BAPTISTE for his business.

20. Upon conducting a search at the four storage units, the officers confiscated additional items, including, without limitation, approximately 4,100 Samsung cell phones and approximately 1,500 LG cell phones. The phones were then seized for inspection.

21. On or about September 25, 2018, BAPTISTE turned himself in to the NCPD Asset Forfeiture and Intelligence Unit and was thereafter arraigned on charges for Trademark Counterfeiting in the First Degree and Trademark Counterfeiting in the Second Degree. BAPTISTE thereafter entered a Not Guilty plea and posted bail that day.

22. On or about February 28, 2019, BAPTISTE was indicted by a Nassau County Grand Jury for three counts of Trademark Counterfeiting in the Second Degree, despite lack of any credible evidence that plaintiff committed such act.

23. Plaintiff's arrest was presented for indictment despite that on or about September 28, 2018, just three days after plaintiff BAPTISTE's arrest, defendant DUNN received email confirmation that the Samsung and LG phones that were seized and sent in for evaluation were deemed authentic by LG and Samsung representatives. This information was withheld from the assigned prosecutors, the Grand Jury, and plaintiff's defense attorneys by defendant DUNN, and was indicative of both plaintiff's innocence and a lack of probable cause to prosecute or indict plaintiff.

24. Defendant DUNN created and manufactured false evidence against BAPTISTE and conveyed said evidence to the NCDAO, causing said evidence to be utilized against

4

BAPTISTE in the ensuing prosecution, and resulting in a deprivation of his liberty.

25. Further, defendant DUNN withheld exculpatory evidence that could have prevented BAPTISTE's indictment and subsequent malicious prosecution. Specifically, defendant DUNN failed to inform the NCDAO of the email he received days after BAPTISTE's arrest confirming the authenticity of the Samsung and LG phones seized from BAPTISTE.

26. On or about January 30, 2020, BAPTISTE's criminal defense attorneys served discovery upon the Nassau County District Attorney's Office ("NCDAO"), which included, without limitation, receipts verifying plaintiff's purchase of cell phones, cell phone components, and cell phone accessories from approximately six different online sellers.

27. The NCPD and representatives from Samsung subsequently investigated the receipts and found that none of the six sellers were ever suspected of selling counterfeit products, at least one of the sellers was authorized by Samsung to repair and resell Samsung phones, and that BAPTISTE paid reasonable prices for the merchandises, proving that BAPTISTE's purchases were legitimate.

28. On February 26, 2020, NCDAO made an application to dismiss all charges against BAPTISTE, which was granted.

29. As a result of the above alleged malicious prosecution, BAPTISTE was compelled to return to court on numerous occasions, until February 26, 2020, on which date all of the charges lodged against him were dismissed and sealed in Nassau County District Court.

30. Further, as a direct result of the misconduct of, without limitation, NCPD defendant DUNN and other County employees, BAPTISTE was also subjected to wrongful prosecution in Nassau County Supreme Court under Index Number 1092/2018, in that a civil forfeiture proceeding was instituted without any legitimate grounds and otherwise with malice by

the County against plaintiff.

31. In that proceeding, the County falsely claimed that plaintiff BAPTISTE imported large quantities of counterfeit cell phones and accessories into the United States, and initially sought forfeiture of plaintiff's assets valued up to $2,600,000.

32. The allegations were baseless, and caused plaintiff BAPTISTE to incur significant emotional distress and financial loss.

33. The civil forfeiture proceedings were likewise voluntarily dismissed on March 4, 2020.

34. Further, as a result of plaintiff BAPTISTE's prosecution and proceedings initiated against him by defendant NCPD officers MICHAEL DUNN and JOHN and JANE DOE 1 through 10, plaintiff BELLEVUE suffered a loss of society, services, and consortium insofar as the malicious legal proceedings initiated against plaintiff BAPTISTE caused plaintiff BAPTISTE to become distant and withdrawn, impacted his ability to provide adequate financial support for BELLEVUE and generally caused significant strain on their marriage.

35. Plaintiff BELLEVUE, who was pregnant at the time suffered emotional distress and concern for her marriage and finances.

36. Defendant NCPD officers MICHAEL DUNN and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

37. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the COUNTY OF NASSAU, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and a practice of falsely arresting individuals and falsification of evidence to support said arrests and the ensuing

prosecutions.

38. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from, without limitation, lawsuits, notices of claims, and complaints filed with NCPD, that many NCPD officers, including the defendants, engaging in the falsification of evidence used to maliciously prosecute innocent individuals, and/or fail to investigate exculpatory evidence despite a duty to do so.

39. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

40. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF NASSAU has retained these officers, and failed to adequately train and supervise them.

41. As a result of the foregoing, plaintiff FREDO BAPTISTE sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

42. Further, plaintiff MARIE BELLEVUE suffered loss of society, services, and consortium, and emotional distress.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated, commenced and continued a malicious prosecution against Plaintiff FREDO BAPTISTE by providing false and/or misleading information to the Nassau County District Attorneys' office.

45. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about February 26, 2020.

46. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants created false evidence against plaintiff FREDO BAPTISTE.

49. Defendants utilized this false evidence against the plaintiff in legal proceedings.

50. As a result of defendants' creation and use of false evidence, plaintiff FREDO BAPTISTE suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiff FREDO BAPTISTE, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff FREDO BAPTISTE's was maliciously prosecuted and deprived of his constitutional rights.

56. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff FREDO BAPTISTE's constitutional injury by being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train their subordinate employees.

59. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. The aforementioned customs, policies, usages, practices, procedures and rules of the Nassau County Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff FREDO BAPTISTE's rights as described herein. As a result of the failure of the COUNTY OF NASSAU to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff FREDO BAPTISTE.

64. The foregoing customs, policies, usages, practices, procedures and rules of the

COUNTY OF NASSAU and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff FREDO BAPTISTE as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department, plaintiff FREDO BAPTISTE was maliciously prosecuted.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff FREDO BAPTISTE's constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff FREDO BAPTISTE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from malicious prosecution;

    C. To be free from deprivation of his right to fair trial; and

    D. To be free from the failure to intervene.

69. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

70. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

72. The COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

73. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants initiated, commenced and continued a malicious prosecution against plaintiff FREDO BAPTISTE.

77. Defendants caused plaintiff FREDO BAPTISTE to be prosecuted without probable cause until the charges were dismissed on or about February 26, 2020.

78. Defendant COUNTY OF NASSAU, as employer of the defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

80. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

82. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

83. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant COUNTY OF NASSAU.

84. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

85. Defendant COUNTY OF NASSAU, as employer of the defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior*.

86. As a result of the aforementioned conduct, plaintiff FREDO BAPTISTE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Upon information and belief, defendant COUNTY OF NASSAU failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff FREDO BAPTISTE.

90. Defendant COUNTY OF NASSAU knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

91. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, the defendant COUNTY OF NASSAU failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff FREDO BAPTISTE.

94. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

95. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant COUNTY OF NASSAU and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. Defendant COUNTY OF NASSAU, as employer of the defendant officers is responsible for their negligence under the doctrine of *respondeat superior*.

98. As a result of the foregoing, plaintiff FREDO BAPTISTE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Loss of Society, Services, and Consortium under the laws of the State of New York)

99. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. As a result of defendant's misconduct with respect to plaintiff BAPTISTE, plaintiff BELLEVUE suffered a loss of consortium, including loss of support, companionship, society, and solace.

101. Defendant COUNTY OF NASSAU, as employer of the defendant officers is responsible for their wrongdoing which resulted in plaintiff's BELLEVUE suffering a loss of consortium under the doctrine of *respondeat superior*.

102. As a result of the foregoing, plaintiff MARIE BELLEVUE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
May 27, 2021

BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

FREDO BAPTISTE and MARIE BELLEVUE,

                                Plaintiffs,

        -against-

COUNTY OF NASSAU, MICHAEL DUNN, Individually,
and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

Docket No.

# COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132